UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60306-SMITH/AUGUSTIN-BIRCH

MARYELLEN SURGENTO,

     **Plaintiff,**

v.

RESTAURANT LIFE LLC,

     **Defendant.**

_____/

**ORDER DENYING DEFENDANT'S PARTIAL
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

     This cause comes before the Court on Defendant Restaurant Life LLC's Partial Motion to Dismiss Plaintiff Maryellen Surgento's Complaint.  DE 7.  The parties consented to Magistrate Judge jurisdiction for the purpose of resolving the Partial Motion to Dismiss.  DE 11.  The Court has carefully considered the Partial Motion to Dismiss, Plaintiff's Response thereto [DE 16], and the record and is otherwise fully advised in the premises.  For the reasons set forth below, the Partial Motion to Dismiss is **DENIED**.

**I.       Plaintiff's Claims**

     Plaintiff filed a seven-count complaint on behalf of herself and all others similarly situated against Defendant, her former employer, raising claims under the Fair Labor Standards Act and the Florida Minimum Wage Act ("FMWA").  DE 1.  Plaintiff alleges that Defendant violated the law by failing to give employees proper notice that it would credit tips against the applicable minimum wage; requiring employees to share tips with owners, supervisors, and managers; requiring employees to use tips to cover the costs of walkout and dine-and-dash customers; and

paying employees less than the applicable minimum wage when they performed non-tipped duties. Defendant has moved to dismiss the five counts brought under the FMWA (Counts I, III, V, VI, and VII), contending that Plaintiff failed to satisfy a condition precedent to filing a lawsuit under the FMWA.

## II.    Analysis

Before bringing a claim for unpaid minimum wages under the FMWA, "the person aggrieved shall notify the employer alleged to have violated [the FMWA], in writing, of an intent to initiate such an action." Fla. Stat. § 448.110(6)(a). The written notice "must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice." *Id.* "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." *Id.* § 448.110(6)(b). "If the employer fails to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved, then the person aggrieved may bring a claim for unpaid minimum wages, the terms of which must be consistent with the contents of the notice." *Id.*

Defendant moves to dismiss Plaintiff's FMWA claims for failure to satisfy "the express language as well as the intent" of § 448.110(6). DE 7 at 7. The Court is unclear about Defendant's procedural basis for dismissal, as the Partial Motion to Dismiss includes the legal standards to dismiss both for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *Id.* at 3–4.

As for subject matter jurisdiction, a court must dismiss a pleading if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). However, failure to satisfy a condition

precedent to filing a lawsuit generally does not deprive a federal court of subject matter jurisdiction. *E.g., Griffin v. Dugger*, 823 F.2d 1476, 1482 n.12 (11th Cir. 1987) ("A plaintiff's failure to satisfy the conditions precedent does not, standing alone, deprive federal district courts of subject matter jurisdiction."). Defendant has cited no authority, and the Court has found none, that holds that a plaintiff's failure to comply with § 448.110(6) deprives a federal court of subject matter jurisdiction.

As for stating a claim, a court may grant a motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Plaintiff satisfied this general pleading standard for conditions precedent by alleging that she "fulfilled all conditions precedent required to bring her class action claims under the FMWA" and that, "on January 31, 2024, [she], through her counsel, served Defendant with a written pre-suit demand regarding her FMWA claims, requesting Defendant to pay her and the putative FMWA classes the minimum wages owed to them." DE 1 ¶¶ 21–22; *cf. Sunrise of Coral Gables Propco, LLC v. Current Builders, Inc.*, No. 22-21456-CIV, 2023 WL 1816390, at *3 (S.D. Fla. Feb. 8, 2023) (concluding that a plaintiff's allegation that "all conditions precedent to bringing this action, if any, have been satisfied or have been waived or otherwise excused" satisfied the general pleading standard under Rule 9(c) to plead that the plaintiff complied with conditions precedent (alteration and quotation marks omitted)); *Sardinas v. Mia. Veterinary Specialists, P.A.*, No. 1:20-cv-22987, 2020 WL 7241364, at *5 (S.D. Fla. Dec. 8, 2020) ("Here, the Complaint expressly alleges that 'all conditions precedent or other requirements for bringing this action occurred, were performed or were waived.' This allegation is sufficient for pleading purposes." (alteration and citation omitted)).

At this motion-to-dismiss stage, the Court must accept as true Plaintiff's allegations that she satisfied the conditions precedent to filing this lawsuit.  *See Ruthledge v. NCL (Bah.) Ltd.*, 356 F. App'x 357, 357–58 (11th Cir. 2009) (vacating a district court's grant of a motion to dismiss that was based on failure to satisfy a condition precedent because, at the motion-to-dismiss stage, the district court was obligated to accept as true the plaintiff's general allegation that all conditions precedent to bringing the action were performed, excused, or waived).  Whether a plaintiff actually complied with a condition precedent to filing a lawsuit generally is not resolved upon a motion to dismiss.  *E.g., Sunrise of Coral Gables Propco*, 2023 WL 1816390, at *3 ("Even though Sunrise has alleged compliance with the conditions precedent, Current Builders argues the Complaint should be dismissed because the Plaintiff did not actually comply with them.  That inquiry is not suitable for disposition on a motion to dismiss. . . . [W]hether Sunrise complied with the conditions precedent is an issue of fact; Sunrise's allegation in paragraph 81 that it met conditions precedent is sufficient to state a claim."); *Tikiz Franchising, LLC v. Piddington*, No. 17-cv-60552, 2017 WL 8780760, at *2 (S.D. Fla. May 8, 2017) ("In any event, whether or not Tikiz in fact fulfilled any necessary conditions precedent to filing suit is a question not suitable for disposition upon a motion to dismiss.").

Thus, it does not appear to the Court that Defendant has brought its challenge at the correct procedural posture.  But even if Defendant did bring its challenge at the correct procedural posture, the Partial Motion to Dismiss must be denied.

Defendant acknowledges that Plaintiff sent it a notice of her FMWA claims before she initiated this lawsuit.  Defendant does not contend that the notice was deficient as to the minimum wages that Plaintiff is claiming.  Defendant's challenge is to the sufficiency of the notice as it relates to minimum wages owed to other class members.  Although the Partial Motion to Dismiss

4

is not entirely clear, Defendant's challenge seems to be based on one or more of the following propositions: (1) a plaintiff cannot bring a class action for violation of the FMWA; (2) a notice of FMWA claims on behalf of a class must itemize the minimum wages purportedly due to each class member; and/or (3) a FMWA plaintiff may not condition acceptance of the minimum wages she contends are due for herself on payment of the minimum wages that other class members purportedly are due.  However, Defendant does not cite any authority that stands for any of these propositions, and each is incorrect.

First, the FMWA expressly permits a plaintiff to bring a class action for violation of the FMWA.  Fla. Stat. § 448.110(9) ("Actions brought pursuant to this section may be brought as a class action pursuant to Rule 1.220, Florida Rules of Civil Procedure.").

Second, it is unnecessary for a notice of FMWA claims on behalf of a class to itemize the minimum wages purportedly due to each class member.  The potential class members likely are unknown to the plaintiff at the pre-suit stage, and thus it is unreasonable to require member-by-member itemization.  *Griffith v. Landry's, Inc.*, No. 8:14-cv-3213, 2017 WL 11002194, at *3 (M.D. Fla. Nov. 22, 2017) ("[It] is not feasible, if it is even possible, for an employee to meet the requirements of the statute when pursuing a class claim because the individual claim pre-suit notice 'must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.'  Fla. Stat. § 448.110(6)(a).  Because the class members are unknown, it would be impossible to provide such information.  As such, if the requirements apply, the claimant could never meet them and would therefore never be able to pursue a class claim in the first instance.").

5

Third and finally, a defendant may not avoid a class FMWA lawsuit by pre-suit tender of the minimum wages that the plaintiff contends are due to her.  If such a practice were permitted, a FMWA defendant could avoid being held responsible to the class simply by paying the relatively modest amount that an individual claims.  *Ayala v. Nissan N. Am., Inc.*, No. 6:20-cv-1625, 2021 WL 2253608, at *2 (M.D. Fla. June 3, 2021) ("Plaintiff must give notice in accordance with the statute—but Plaintiff's notice may seek unpaid wages on behalf of both himself *and* the class, and any tender of unpaid wages to Plaintiff individually will not moot the class claims." (emphasis in original)); *Griffith*, 2017 WL 11002194, at *3–4 ("If his or her individual proffer of information were all that were required to meet the pre-suit notice requirement for a class action, the employer could always defeat a class claim by tendering only the individual claimant's los[t] wages, rendering, in either case, the statutory right to bring a class claim a nullity. . . . [T]he Court is not persuaded that by tendering only partial payment of a class claim the employer can circumvent the entire statutory scheme that provides for class claims under the FMWA.").  Defendant has not demonstrated that Plaintiff's FMWA claims should be dismissed for failure to satisfy a condition precedent.

### III.    Conclusion

For the foregoing reasons, Defendant's Partial Motion to Dismiss [DE 7] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 6th day of May, 2024.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE